FILED
FEB 05 2004
Judge George W. Lindberg
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 02 CR 854 |
| v. | ) | Judge George W. Lindberg |
| | ) | |
| JERMONE BASS | ) | |

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, JERMONE BASS, and his attorney ALISON SIEGLER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 02 CR 854.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, JERMONE BASS, and his attorney ALISON SIEGLER, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the indictment in this case with trafficking in unauthorized access devices, in violation of Title 18, United States Code, §§ 1029(a)(2) and 2.

2. Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crime with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to the indictment in this case.

5. Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

Beginning in or around February 2000, and continuing until in or around June 2000, at Chicago, in the Northern District of Illinois, Eastern Division, Jermone Bass knowingly and with intent to defraud, trafficked in, and used and caused to be used, approximately fifty unauthorized access devices, which unauthorized access devices had been stolen and obtained with intent to defraud, and by such conduct obtained money, goods, and services exceeding $1,000 in value during a one-year time period, thereby affecting interstate commerce.

Specifically, defendant acknowledges that he knowingly received fifty credit card numbers, together with their respective expiration dates, from his co-defendant in this case, Taraila Groves. Defendant knew that he was not authorized to use these credit card numbers. Defendant unlawfully used at least 21 of these credit card numbers to obtain money, goods, and services worth approximately $51,625.07. The average credit limit for each credit card was $12,654.00. Through

2

his actions in using the credit card numbers, defendant caused actual losses to approximately 10 financial institutions.

6. For purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, effective November 1, 2003, the parties agree on the following points:

    a. The base offense level for the offense of conviction is 6, pursuant to Guideline § 2B1.1(a).

    b. Pursuant to Guideline § 2B1.1(b)(1)(H), the base offense level must be increased by 6 levels because the loss and intended loss is more than $30,000, but less than $70,000.

    c. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for his actions, within the meaning of Guideline § 3E1.1, a two-level reduction in the offense level is appropriate.

    d. On or about March 30, 1995, defendant was convicted of False Informing in the Superior Court of Lake County, Indiana, Case No. 45D09-9311-CF-13027-0A1, and was sentenced to 180 days incarceration. Defendant contends that this was a suspended sentence. If this was not a suspended sentence, then pursuant to Guideline Section 4A1.1(b), defendant may receive two criminal history points for this conviction. If this was a suspended sentence, then pursuant to Guideline Sections 4A1.2(a)(3) and 4A1.1(c), defendant may receive one criminal history point for this conviction.

e. On or about December 5, 2001, defendant was convicted of criminal trespass to a vehicle in the Circuit Court of Cook County, Illinois, Case No. 01123900101, and was sentenced to 9 months court supervision. Pursuant to Guideline Section 4A1.2(c)(1), defendant receives zero criminal history points for this conviction.

f. Based on the facts known to the government and stipulated in subparagraph (f) and (g) above, defendant's criminal history points may equal 1 or 2 and defendant's criminal history category may be I or II; and

g. The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

7. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

8. Defendant understands the count to which he will plead guilty carries the following penalties: a maximum penalty of 10 years imprisonment, a maximum fine of $250,000, any

restitution ordered by the Court, and a term of supervised release of at least two years but not more than three years, which the court may specify.

9. Defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, defendant will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

10. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

e. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

11. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

12. Defendant understands that the indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

13. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's

6

conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

14. At the time of sentencing, the government is free to recommend any sentence at any point within the applicable Guideline range.

15. Regarding restitution, the parties acknowledge that the total amount of restitution defendant owes is at least approximately $51,625.07, and that defendant owes the following amounts to the following companies: (1) $2,147.23 to Bank of America, (2) $1,082.44 to USSA Federal Savings Bank, (3) $2,500.00 to LaSalle Bank, (4) $7,816.60 to Merrill Lynch, (5) $18,821.48 to U.S. Bank, (6) $4,684.11 to MBNA America, (7) $9,355.19 to Citibank, (8) $1,317.03 to Chase Manhattan Bank, (9) $36.74 to Capital One, and (10) $3,864.25 to National City Bank of PA. Pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make restitution in these amounts minus any credit for funds repaid prior to sentencing. The defendant understands that Title 18, United States Code, Section 3664 and Sections 5E1.1 and 5E1.2 of the Sentencing Guidelines set forth the factors to be weighed in setting a fine and in determining the schedule, if any, according to which restitution is to be paid in this case. The defendant agrees to provide full and truthful information to the Court and the United States Probation Officer regarding all details of his economic circumstances in order to determine the proper restitution schedule according to which the defendant may be ordered to pay. Defendant understands that providing false or incomplete information may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as contempt of the court.

16. Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the

Plea Agreement is a violation of the Agreement. He further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the Government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

18. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

19. Should the Court refuse to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

20. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 02/05/2004

_____ FOR PJF
PATRICK J. FITZGERALD
United States Attorney

_____
JERMONE BASS
Defendant

_____
MICHELLE NASSER WEISS
Assistant United States Attorney

_____
ALISON SIEGLER
Attorney for Defendant