UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JERMONE BASS, | ) | |
| Defendant, | ) | No. 02 CR 854-1 |
| | ) | |
| and | ) | Judge George W. Lindberg |
| | ) | |
| SCI-TECH, | ) | |
| | ) | |
| Garnishee. | ) | |

### MOTION FOR AGREED WAGE GARNISHMENT

The United States of America, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, and Jermone Bass, the defendant in the above-captioned case, hereby stipulate and agree as follows:

1. A judgment was entered against the defendant by this Court on July 7, 2004, in the amount of $51,725.07. As of May 1, 2014, the defendant has an outstanding balance of $48,973.85.

2. The garnishee, Sci-Tech, has in its possession, custody or control property of the defendant in the form of wages paid to the defendant, Jermone Bass.

3. The defendant consents to the entry of a Garnishment Order issued to the garnishee, in the amount of 10% of his disposable income monthly, bi-weekly (every two weeks) or twice monthly, depending on the payroll calendar of the employer.

4. The defendant agrees and stipulates that his wages are subject to garnishment under 28 U.S.C. § 3205 and expressly agrees and stipulates that the entry of a Garnishment Order is proper.

5. The defendant waives service of an application for a writ of continuing garnishment pursuant to Section 3205 of the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3205, and further waives the right to a hearing under 28 U.S.C. § 3205 and any other process to which the defendant may be entitled under the Federal Debt Collection Procedures Act of 1990.

6. Withholding by the garnishee shall commence the pay period during which the garnishee receives the Garnishment Order. The deductions shall continue each subsequent pay period until the balance is paid in full.

7. All payments should have 02 CR 854-1 written in the lower left corner of the check and made payable to the Clerk of the Court, and mailed to:

>Clerk of the Court
>U.S. District Court, Northern District of Illinois
>219 South Dearborn Street, 20th Floor
>Chicago, Illinois 60604

8. The defendant agrees to submit a financial statement and copies of federal and state income tax returns upon the request of the United States Attorney's Office, until the restitution is paid in full. The defendant understands that the U.S. Attorney's office will place the defendant on the Treasury Offset Program until the judgment is paid in full. The defendant further agrees to notify the United States Attorney's Office within thirty days of any change of address or employment until the judgment is paid in full.

9. The wage garnishment amount may be adjusted after one year, and thereafter annually, if the defendant's financial statement or other information indicates the ability to make a higher monthly payment.

10. In the event the defendant defaults on any of the terms of this stipulation, either by failing to notify the U.S. Attorney's Office of a change in employment or by failing to submit

financial statements and tax returns within sixty (60) days of the request of the United States Attorney's Office, the balance of the judgment, including post judgment interest, shall immediately become due and payable, and the United States may proceed with all available administrative and judicial remedies to enforce the judgment debt, upon notice to the defendant.

        Respectfully submitted,
        ZACHARY T. FARDON
        United States Attorney

        By: s/ Elizabeth A. Wilson
         ELIZABETH A. WILSON
         Assistant United States Attorney
         219 South Dearborn Street
         Chicago, Illinois 60604
         312-353-5331
         Elizabeth.Wilson2@usdoj.gov

By: _/s/ Jermone Boss_____

Defendant